IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Martine Uniatowski, <br><br> Plaintiff, <br><br> v. <br><br> Ohio Association of Public School Employees, Local 579; *and* Bay Village City School District, <br><br> Defendants. | Case No. 1:25-cv-479 <br><br><br><br> **Complaint** |

1. The First Amendment prohibits government employers and public-sector unions from collecting union dues or fees from a government employee's wages unless the employee "affirmatively consents" to support the union.

2. Plaintiff Martine Uniatowski is employed part-time by Bay Village City School District. When she began her employment, she decided not to join Ohio Association of Public School Employees, Local 579, the exclusive bargaining agent covering Ms. Uniatowski's position.

3. Ms. Uniatowski was pressured by union representatives to sign a union membership agreement that she could not fully read because of her difficulty seeing without her reading glasses. She relied on the representatives' statements about the content of the agreement she was signing.

4. After learning the amount of dues withheld from her paycheck, Ms. Uniatowski contacted the union to resign her membership and stop dues deductions. She was told she could not do so. Ms. Uniatowski has attempted to stop union dues deductions several times in the past year only to be told by the union

1

that she had not met the requirements for doing so, without explaining those requirements.

5. Defendants' withholding of union dues from Ms. Uniatowski's paychecks without her consent violates her First Amendment rights.

## Parties

6. Martine Uniatowski is employed part-time by Bay Village City School District. She resides in Bay Village, Ohio.

7. Defendant Ohio Association of Public School Employees, Local 579 ("OAPSE Local 579" or "Union") is an employee organization as defined by Section 4117.01(D) of the Ohio Revised Code and the exclusive representative, as defined by Section 4117.01(E) of the Code, for the bargaining unit that includes Ms. Uniatowski. Local 579 is a local affiliate of the Ohio Association of Public School Employees, AFSCME Local 4, AFL-CIO, with offices at 6805 Oak Creek Drive, Columbus, Ohio 43229-1591.

8. Defendant Bay Village City School District ("School District") is a public school district in Cuyahoga County, Ohio and a public employer as defined by Section 4117.01(B) of the Ohio Revised Code. It has offices at 377 Dover Center Road, Bay Village, Ohio 44140.

## Jurisdiction and Venue

9. This case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. Venue is proper because a substantial portion of the events giving rise to the claims occurred in the Northern District of Ohio. 28 U.S.C. § 1391(b)(2).

## Facts

11. The Bay Village City School District and OAPSE Local 579 have entered into a collective bargaining agreement as authorized by Chapter 4117 of the Ohio Revised Code, which governs collective bargaining between public employers, including school districts, and unions. The term of the current collective bargaining agreement is from July 1, 2022, through June 30, 2025.[1]

12. Ohio law authorizes a public employer "to deduct the periodic dues, initiation fees, and assessments of members of the exclusive representative upon presentation of a written deduction authorization by the employee." O.R.C. § 4417.09(B).

13. And the collective bargaining agreement between the union and the school district contains a provision required by Section 4417.09(B)(2) that obligates the school district to deduct union dues from employees' wages and remit them to the union upon presentation by OAPSE Local 579 of a written authorization executed by an employee.

14. The collective bargaining agreement further provides that the dues deduction authorization is irrevocable for the period of the contract except that authorization may be revoked by written notice, in a manner consistent with the withdrawal procedures set forth on the employee's Union application.

15. Plaintiff Martine Uniatowski is employed part-time by Bay Village City School District in food service. When she began her employment, she decided not to join OAPSE Local 579.

---

[1] Available at: https://dam.assets.ohio.gov/image/upload/serb.ohio.gov/PDF/Contracts/2022/22-MED-04-0403.pdf.

16. In February 2024, the Human Resources Department of the School District called Ms. Uniatowski in for a meeting. HR told Ms. Uniatowski that a union representative must be present at the meeting.

17. At the meeting, OAPSE regional representative Matt Lark, and OAPSE Local 579 representative Brian Mullen were present. At that meeting, Mr. Lark told Ms. Uniatowski that she should join the union because it represents employees before HR and can lessen any consequences.

18. Mr. Lark handed Ms. Uniatowski a union membership form. Ms. Uniatowski asked if she could take the paperwork home to read it. She did not have her reading glasses with her at that meeting and Ms. Uniatowski is disabled and as a result has Sjögren's syndrome, which causes her to have extremely dry eyes, making it difficult to see because they constantly water, and requiring at least three medications. Thus, without her reading glasses, Ms. Uniatowski has difficulty reading.

19. Mr. Lark told Ms. Uniatowski that it would be better if she would immediately sign the paperwork because he wasn't sure when he would be in the area again to pick it up. Since Ms. Uniatowski couldn't read without her glasses, she asked Mr. Lark what the paperwork said. He told her that she was signing up for membership in the union. He didn't explain that she was authorizing dues deductions or what those dues would be. Feeling pressured to sign immediately due to the comments of Mr. Lark and the meeting with HR, she filled out the paperwork as best she could although it was difficult for her to read what she was filling out and signing.

20. On April 18, 2024, Ms. Uniatowski received her first paycheck in which union dues were withheld in the amount of $41.28. Concerned about having to pay union dues, she called the OAPSE state office to find out how to stop union dues from being deducted. She was told that while she could resign her membership, she

could not stop dues from being deducted because she signed a dues deduction authorization. That same day, Ms. Uniatowski submitted a written resignation of her union membership.

21. On April 25, 2024, Ms. Uniatowski spoke to Mr. Lark via phone. She explained that the dues were burdensome because as a part-time employee working only 16 hours a week, the dues took a significant amount of her pay, that she sent a resignation of her union membership, and that she wished to stop dues from being deducted from her paycheck. In response, Mr. Lark insulted Ms. Uniatowski's pay and told her the Union could not stop dues from being withheld.

22. Mr. Lark told Ms. Uniatowski that the only way to stop dues from being withheld was to quit her job. Upset because she could not stop union dues from being taken out, Ms. Uniatowski considered quitting her job, but she was talked out of doing so by her boss and her boss's superior.

23. On April 30, 2024, local OAPSE representative Brian Mullen came to talk with Ms. Uniatowski. He told her that he would attempt to reduce the amount of her dues and emailed the state office to see if her dues could be lowered. To date, Ms. Uniatowski's dues have not been reduced.

24. At the meeting with Mr. Mullen, Ms. Uniatowski asked why she could not stop union dues from being withheld. She mentioned the Supreme Court's decision in *Janus v. AFSCME*, which she had recently learned about, and asked why that decision did not apply to her. Mr. Mullen told her that *Janus* did not apply because she signed the union paperwork.

25. The copy of Ms. Uniatowski's signed union membership agreement that she received was a carbon duplicate that is difficult to read. Her signature and the date are not visible. **Exhibit A.**

26. The union membership agreement asserts that the dues deductions authorization is irrevocable except after one year after the agreement was signed,

5

and each year thereafter, if she provides written notice to the OAPSE Treasurer within 10 days before the anniversary of her signing the agreement.

27. Because she could not read date she signed the agreement, Ms. Uniatowski could not determine when the 10-day window was.

28. In July 2024, Ms. Uniatowski called OAPSE office to ask the date she signed the membership agreement, but the person at the OAPSE office she spoke to refused to tell her the date and told her to read the membership agreement, even after Ms. Uniatowski explained that she could not read the date because the ink did not go through on the copy she was given.

29. On November 4, 2024, Ms. Uniatowski sent notice to the Union again informing it that she wished to resign her union membership and stop dues from being withheld.

30. In response, on November 13, 2024, OAPSE sent Ms. Uniatowski a letter in which OAPSE acknowledged her withdrawal of membership but stated that her request to have the dues deduction authorization cancelled did not satisfy the requirements set forth on the membership agreement she signed. The letter did not explain those requirements or how Ms. Uniatowski's request failed to meet them. **Exhibit B.**

31. On February 14, 2025, Ms. Uniatowski sent another request to stop dues deductions via certified mail, **Exhibit C**, which the Union received on February 18, 2025.

32. On February 24, 2025, OAPSE sent Ms. Uniatowski a letter—substantially identical to the November 13, 2024, letter—again acknowledging her withdrawal of membership but stating that her request to have the dues deduction authorization cancelled did not satisfy the requirements set forth on the membership agreement she signed. Again, the letter did not explain the requirements or how Ms. Uniatowski failed to meet them. **Exhibit D.**

33. Based on her review of her work calendar, Ms. Uniatowski believes that the date she signed the union membership agreement was February 27, 2024—although she's still not sure because the Union refused to provide her with a readable copy of her agreement. Thus, when the Union received her request to stop dues deductions on February 18, 2025, it was within 10 days before the anniversary date of signing the union membership agreement.

34. Nonetheless, the Union's February 24 letter not only failed to explain why her request did not meet the requirements of the membership agreement, but also failed to offer to stop the dues deductions even though the anniversary date of her signing the membership agreement arrived less than two weeks later.

35. As a result, the School District continues to withhold dues from Ms. Uniatowski's paycheck on behalf of OAPSE Local 759, and will do so for at least another year, without Ms. Uniatowski's consent even though Ms. Uniatowski has not been a member since April 2024 and has requested that dues stop being withheld at least three times since she signed the membership card in February 2024.

## Cause of Action

### Relying on Section 4417.09(B)(2) of the Ohio Revised Code, OAPSE Local 759 and the Bay Village City School District violated Ms. Uniatowski's First Amendment rights by withholding union dues from her wages without her affirmative consent.

36. The allegations contained in all preceding paragraphs are incorporated herein by reference.

37. The First Amendment prohibits public employers and unions from collecting union dues or fees from a public employee's wages unless the employee "affirmatively consents" to waive his First Amendment right not to financially support the union. *Janus v. AFSCME*, 585 U.S. 878, 930 (2018).

7

38. In *Janus*, the Supreme Court held the First Amendment guarantees public employees a right to refrain from subsidizing a union and its speech. *Id*. "Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id*. For an employee's waiver of his or her First Amendment right not to pay to be effective, it must be freely given and shown by "clear and compelling" evidence. *Id*. "Unless employees clearly and affirmatively consent *before* any money is taken from them, this standard cannot be met." *Id*. (emphasis added).

39. Since April 2024, Ms. Uniatowski has submitted her resignation of her union membership with OAPSE Local 759 and requested that dues deductions cease at least three times. OAPSE confirmed that she is not a member of the Union, but the School District continues to withhold union dues from Ms. Uniatowski's paycheck.

40. By deducting and collecting union dues from Ms. Uniatowski's wages regardless of her affirmative consent, Defendants, under color of state law, have violated and continue to violate Ms. Uniatowski's First Amendment rights.

**Prayer for Relief**

Plaintiff Martine Uniatowski respectfully requests that this Court:

a. Declare that that the withholding of dues from Ms. Uniatowski's paycheck since April 2024, by Bay Village City School District on behalf of OAPSE Local 759 violated her First Amendment rights;

b. Declare that Ohio Rev Code § 4417.09(B)(2) is unconstitutional as applied to Ms. Uniatowski to the extent that it authorizes Bay Village City School District and OAPSE Local 759 to withhold dues from Ms. Uniatowski's wages when she was not a member of the union and had not given her affirmative consent;

    c.      Enjoin Bay Village City School District and OAPSE Local 759 from withholding union dues from Ms. Uniatowski's wages;

    d.      Award damages against OAPSE Local 759 for all union dues collected from her since her paycheck on April 23, 2024;

    e.      Award her costs and attorneys' fees under 42 U.S.C. § 1988; and

    f.      Award any further relief to which she may be entitled and such other relief as this Court may deem just and proper.

Dated: March 11, 2025

                                                    Respectfully submitted,

                                                    /s/ Jacob Huebert

Jacob Huebert (IL Bar No. 6305339)
Jeffrey M. Schwab (IL Bar. No. 6290710)*
Liberty Justice Center
7500 Rialto Blvd., Suite 1-250
Austin, Texas 78735
512-481-4400
jhuebert@libertyjusticecenter.org
jschwab@libertyjusticecenter.org

*Attorneys for Plaintif*

\* motion for admission *pro hac vice* to be submitted

9